**NOT FOR PUBLICATION**

```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
                                    :
ELITE SPORTS ENTERPRISES,           :   CIVIL ACTION NO. 07-4947 (MLC)
INC.,                               :
                                    :       MEMORANDUM OPINION
      Plaintiff,                    :
                                    :
      v.                            :
                                    :
JOHN LOCOCO, et al.,                :
                                    :
      Defendants.                   :
_____:
```

**COOPER, District Judge**

Plaintiff, Elite Sports Enterprises, Inc., brings this action against defendants, John Lococo, Toni Lococo, Soccer World Int'l, Inc. ("SWI"), and Lococo Sports, Inc. ("LSI") (collectively, "defendants"), alleging claims of (1) trademark infringement, (2) unfair competition, (3) breach of contract, and (4) unjust enrichment. (Dkt. entry no. 1, Compl.) Defendants now move to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") (1) 12(b)(2), for lack of personal jurisdiction, or (2) 12(b)(3), for improper venue. (Dkt. entry no. 33.) In the alternative, defendants move to transfer the action to the Southern District of California pursuant to 28 U.S.C. § ("Section") 1404(a). (Id.) Plaintiff opposes the motion. (Dkt. entry no. 37.) The Court determines this motion on briefs without an oral hearing, pursuant to Rule 78(b). For the reasons stated herein, the Court will grant the part of the

motion that seeks to transfer the action to the Southern District of California.

## BACKGROUND

Plaintiff is a New Jersey corporation with its headquarters located in Wall, New Jersey. (Compl., at ¶ 1.) LSI is a California corporation, with its headquarters located in San Diego, California. (Id. at ¶ 3.) SWI also is a California corporation, with its headquarters located in Laguna Hills, California. (Id. at ¶ 4.) John Lococo and Toni Lococo are residents of California. (Id. at ¶ 2.) Although plaintiff alleges that John Lococo and Toni Lococo "control and own" LSI and SWI, defendants contend that (1) John Lococo is the principal of SWI and LSI, and (2) Toni Lococo is a shareholder, secretary, and chief financial officer of LSI. (Dkt. entry no. 33, Defs. Br., at 2.)

Plaintiff alleges that it is in the business of franchising stores specializing in the retail of soccer equipment, athletic footwear and apparel, and related sportswear, accessories, products, and services. (Compl., at ¶ 9.) Plaintiff asserts that it bought the assets of a franchisor, Soccer Post International Franchise Corporation ("Soccer Post"), in 2001. (Dkt. entry no. 37, Pl. Br., at 2.) Plaintiff further asserts that it acquired Soccer Post's trademarks, "The Soccer Post" and

"The Soccer Post – America's Soccer Store" in this transaction. (Id. at ¶ 10; Pl. Br., at 2.)

LSI and SWI are each party to a franchise agreement with plaintiff to operate stores in California, in the towns of Encinitas, Laguna Hills, and San Diego. (Compl., at ¶ 15; Defs. Br., at 2.) Plaintiff and LSI entered into a franchise agreement on May 18, 1998 ("LSI Franchise Agreement"). (Dkt. entry no. 21, Aff. of John Lococo ("John Lococo Aff."), Ex. 1, LSI Franchise Agreement.) Paragraph 13.2 of the LSI Franchise Agreement provides, in part:

> **13.2    Choice of Law and Selection of Venue**.  Except as provided in Paragraph 13.9 hereof, this Agreement shall be governed by the laws of the State of New Jersey . . . The parties further agree that any action at law or equity instituted against either party to this Agreement shall be commenced only in the courts of New Jersey or a United States District Court for the District of New Jersey.

(Id. at ¶ 13.2.) Paragraph 13.9 of the LSI Franchise Agreement provides:

> **13.9    State Law Applies**. If any provision of this Agreement . . . is inconsistent with any valid law or regulation of the state in which Franchisee's SOCCER POST store is located, then the valid law or regulation of that state applicable to the Franchise shall supersede any provision of this Agreement that is less favorable to Franchisee.

(Id. at ¶ 13.9.)

The LSI Franchise Agreement apparently was amended on April 30, 1998 ("Amendment to LSI Franchise Agreement"). (John Lococo Aff., Ex. 2, Amendment to LSI Franchise Agreement.) The

3

Amendment to LSI Franchise Agreement is signed by a representative of Soccer Post and John Lococo, on behalf of LSI. (See id.)  Paragraph 16 of this document provides, in part:

> 16. Paragraph 13.2  Paragraph 13.2 of the Franchise Agreement (entitled "Choice of Law and Selection of Venue") is hereby deleted in its entirety and is replaced by the following in lieu thereof:
>
>> 13.2 **Choice of Law and Selection of Venue**.  Except as provided in paragraph 13.9 hereof, this Agreement shall be governed by the laws of the State of California.  The parties further agree that any action at law or equity instituted against either party to this Agreement shall be commenced only in the courts of California or a United States District Court located in California.

(Id. at ¶ 16.)[1]

Plaintiff states that a document entitled "Dispute Resolution Agreement", dated in 2000, "specified . . . that New Jersey would be the venue for contractual disputes".  (Pl. Br., at 4; see dkt. entry no. 38, Certification of James Canning ("Canning Cert."), Ex. C, Dispute Resolution Agreement.)  This document is signed by John Lococo, on behalf of LSI, but does not appear to be executed by plaintiff or Soccer Post.  (See Canning

---

[1] It is unclear whether plaintiff agrees that the parties executed the Amendment to LSI Franchise Agreement.  (See Pl. Br., at 3 (stating that LSI and Soccer Post "entered into an amendment to the [LSI Franchise Agreement], changing venue to California", while also stating that "[LSI] wanted to change the agreement . . . to select California as the venue for disputes, instead of New Jersey . . . [Soccer Post] refused to make the change").)  However, defendants have submitted a copy of the Amendment to LSI Franchise Agreement with the signatures of both John Lococo, on behalf of LSI, and a representative of Soccer Post.  (See Lococo Aff., Ex. 2, Amendment to LSI Franchise Agreement.)

Cert., Ex. C, Dispute Resolution Agreement.)  It appears to resolve a dispute between plaintiff and LSI concerning a store in Encinitas, California, and a store in San Diego, California. (See id.)[2]  Paragraph 6 of this agreement provides that it "shall be subject to the choice of law and selection of venue provisions set forth at paragraph 13.2 of the Franchise Agreement, which paragraph is incorporated by reference".  (Id. at ¶ 6.) "Franchise Agreement" appears to refer to the LSI Franchise Agreement.  (Id. at ¶ A.)

Plaintiff and LSI also entered into a subsequent agreement on January 28, 2002 modifying "[a]ll prior franchise agreements, as amended", between the parties ("1-28-02 Agreement").  (John Lococo Aff., Ex. 4, 1-28-02 Agreement.)  However, Paragraph 7 of the 1-28-02 Agreement specifically provides that "[t]he parties agree that issues with respect to choice of law and venue are to be determined pursuant to the prior agreements between them, and that this agreement shall in no way determine either choice of

---

[2] The Dispute Resolution Agreement also appears to contemplate, inter alia, the execution of (1) separate franchising agreements to operate the stores discussed in the agreement, and (2) a "Second Amendment" amendment to the LSI Franchise Agreement.  (Canning Cert., Ex. C, Dispute Resolution Agreement, at ¶ 1.)  It is unclear if this occurred.  Although the complaint states that these stores operate under franchising agreements, the parties have not submitted any documentation of the agreements or the amendment discussed in the Dispute Resolution Agreement.  (See Compl., at ¶ 15.)

law or venue issues with respect to potential disputes". (Id. at ¶ 7.)

Plaintiff and SWI also entered into a franchise agreement on November 8, 2002 ("SWI Franchise Agreement"). (John Lococo Aff., Ex. 5, SWI Franchise Agreement.) Paragraph 13.2 of this agreement states, in part:

> **13.2   Choice of Law and Selection of Venue**. Except as provided in paragraph 13.9 hereof, this Agreement shall be governed by the laws of the State of New Jersey . . . The parties further agree that any action at law or equity instituted against either party to this Agreement shall be commenced only in the courts of New Jersey or a United States District Court for the District of New Jersey.

(Id.) Paragraph 13.9 of the SWI Franchise Agreement provides:

> **13.9   State Law Applies** If any provision of this Agreement . . . is inconsistent with any valid law or regulation of the state in which Franchisee's SOCCER POST store is located, then the valid law or regulation of that state applicable to the Franchise shall supersede any provision of this Agreement that is less favorable to Franchisee.

(Id. at ¶ 13.9.)

Plaintiff alleges claims arising out of the franchise agreements, discussed supra. (Compl.) Plaintiff also alleges claims arising out of defendants' conduct in opening "unauthorized Soccer Post branded stores without executing separate Franchise Agreements". (Id. at ¶ 19.) These stores are located in Chula Vista, California, and San Diego, California. (Id.)

6

**DISCUSSION**

**I.   Transfer Standard**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought". 28 U.S.C. § 1404(a).  An action might have been brought in a transferee court if (1) venue is proper therein, and (2) it can exercise jurisdiction over all the defendants.  Shutte v. Armco Steel Corp., 431 F.2d 22, 24 (3d Cir. 1970).  The party seeking transfer has the burden of showing that the alternative venue is not only adequate, but also more convenient than the current one.  Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995); Ricoh Co., Ltd. v. Honeywell, Inc., 817 F.Supp. 473, 480 (D.N.J. 1993).  "[T]he decision to transfer must incorporate all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum".  Rappoport v. Steven Spielberg, Inc., 16 F.Supp.2d 481, 498 (D.N.J. 1998) (quotation and citations omitted).

Courts balance private and public interests when deciding whether to transfer.  Jumara, 55 F.3d at 879.  Private interests may include a plaintiff's choice of forum, the ease of access to sources of proof, the availability of compulsory process

7

over witnesses, the cost of attendance of willing witnesses, the location of records, and whether the claim arose elsewhere.  Id.

A valid forum selection clause is a private interest that may be considered in the Court's analysis under Section 1404(a).  Id. at 880.  Such a provision is not dispositive in the Court's determination, however.  Id. (noting that decision to transfer is "a multi-factored test incorporating the forum selection clause as one facet of the convenience-of-the-parties consideration"); Wild v. Jungle Media Group, No. 02-5123, 2004 WL 834695, at *7 (E.D. Pa. Mar. 17, 2004).  "[T]he ultimate balancing of factors and decision to transfer remain within the discretion of the court".  Zapf v. Bamber, No. 04-3823, 2005 WL 2089977, at *3 (D.N.J. Aug. 26, 2005).

The Court also may consider public interests in its Section 1404(a) analysis, including enforceability of a judgment, practical considerations that could make the trial easy, expeditious or inexpensive, relative administrative difficulty in the two fora resulting from court congestion, local interest in deciding a local controversy, public policies of the fora, and familiarity of the district court with applicable state law.  Jumara, 55 F.3d at 879-80.

## II.  Transfer Standard Applied Here

### A.  Private Interests

There are several provisions that pertain to forum selection here, as discussed supra.[3]  Even assuming arguendo these provisions are valid, they do not favor either forum, as they provide support for retaining the action here as to SWI, but transferring the action as to LSI.[4]  Moreover, a valid forum selection clause is not dispositive as to the Court's Section 1404(a) analysis, as discussed supra.  See Jumara, 55 F.3d at 880.

---

[3] The Court notes that Toni Lococo does not appear to be a signatory to any of the agreements discussed supra.  However, a non-signatory to a contract may be bound by a forum selection clause found therein if the non-signatory has "a certain relationship to either the contract containing the forum selection clause or the parties thereto".  Hay Acquisition Co., I, Inc. v. Schneider, No. 04-1236, 2005 WL 1017804, at *8 (E.D. Pa. Apr. 27, 2005).  Status as a third-party beneficiary to a contract may qualify as such a relationship.  Id.  Thus, if Toni Lococo is a third-party beneficiary to the agreements discussed supra, the various forum selection clauses in those agreements could be applied to her.  See id.

[4] The Court notes that it may sever claims under Rule 21, and then transfer the severed claims under Section 1404(a), while retaining jurisdiction over the remaining claims in an action.  Dao v. Knightsbridge Int'l Reins. Corp., 15 F.Supp.2d 567, 576 (D.N.J. 1998).  However, this procedure is "not likely to be appropriate where the partial transfer would require the same issues to be litigated in two places".  Id. (quotation and citation omitted).  Here, transferring only some of plaintiff's claims would be inappropriate, because plaintiff's claims as to each of the defendants are either identical or substantially similar; thus, the same issues would be litigated in two places.  See id.

9

Other private interests indicate that the Southern District of California is a more appropriate venue here, moreover. "[C]hoice of forum by a plaintiff is simply a preference; it is not a right". Hoffer v. InfoSpace.com, Inc., 102 F.Supp.2d 556, 573 (D.N.J. 2000). Although plaintiff chose to bring this action in New Jersey, its choice of forum is entitled to less deference because a substantial part of the events and operative facts here did not occur in New Jersey. Rather, the operative facts occurred in southern California, as this is where (1) LSI and SWI are incorporated and headquartered, (2) John Lococo and Toni Lococo reside, (3) the stores that defendants operate under the franchise agreements are located, and (4) the stores that defendants allegedly operate using plaintiff's trademarks without authorization are located. (See Compl., at ¶¶ 2-4, 15, 19.) Defendants also do not conduct business in New Jersey, and plaintiffs do not dispute this fact. (Defs. Br., at 6.) See Sun Chem. Corp. v. Markem Corp., No. 05-2565, 2006 WL 288104, at *2 (D.N.J. Feb. 6, 2006) (stating plaintiff's choice of forum entitled to less deference because substantial portion of operative facts and events did not occur in that forum); Agrotors, Inc. v. Bell Helicopter Textron, Inc., No. 03-4345, 2004 WL 438654, at *4 (E.D. Pa. Mar. 8, 2004) (noting plaintiff's choice of forum usually of "paramount importance", but is accorded less deference where no operative facts occurred in

10

forum); LG Elecs. v. 1st Int'l Computer, Inc., 138 F.Supp.2d 574, 590 (D.N.J. 2001) ("When the central facts of the lawsuit occur outside the forum state, a plaintiff's selection of that forum is entitled to less deference") (quotation and citation omitted).

Plaintiff's claims also arose in southern California. In particular, as to claims of trademark infringement and unfair competition, the cause of action occurs "where the 'passing off' occurs, i.e., where the deceived customer buys defendant's product in the belief that he or she is buying plaintiff's product". Ceramica Falcinelli, S.P.A. v. Am. Marazzi Tile, Inc., No. 99-1223, 1999 WL 795479, at *4-*5 (D.N.J. Sept. 29, 1999) (quotations and citations omitted). Here, it is undisputed that defendants operate their businesses only in southern California; thus, the "passing off" occurred there, and not in New Jersey.

Additional private considerations also weigh in favor of transfer here. Plaintiff does not dispute that most, if not all, of the individuals with information or knowledge that would substantiate or refute plaintiff's claims either live or are otherwise located in southern California. (John Lococo Aff., at ¶ 2 (stating that John Lococo resides in Solana Beach, California); dkt. entry no. 22, Aff. of Antoinette Lococo ("Antoinette Lococo Aff."), at ¶ 2 (stating same); Defs. Br., at 6 (noting that LSI and SWI do not employ individuals who operate in New Jersey, and "all employee witnesses of [LSI and SWI] and

11

several other Soccer Post franchisees who will be third-party witnesses . . . are in [s]outhern California").)  Moreover, plaintiff does not dispute that the books and records pertaining to LSI and SWI are located in California.  (Defs. Br., at 6.)  Thus, the parties could more easily access sources of proof if this action is transferred to the Southern District of California.  Therefore, the ease of access to sources of proof, location of books and records, costs associated with witness attendance, and availability of compulsory process over unwilling witnesses all favor transferring this action to the Southern District of California.  See Jumara, 55 F.3d at 879.

    **B.**    **Public Interests**

    Public interests strongly weigh in favor of transfer here.  The local interest of California in deciding this action strongly favors transferring the action to the Southern District of California.  Because all of LSI's and SWI's stores are located in California, the LSI Franchise Agreement and SWI Franchise Agreement provide for application of California law, to the extent any of their provisions conflict with California law and are unfavorable to LSI and SWI.  (See Compl., at ¶ 15; Lococo Aff., Ex. 1, LSI Franchise Agreement, at ¶ 13.9; Ex. 5, SWI Franchise Agreement, at ¶ 13.9.)  Therefore, California's interest in providing a forum for adjudicating claims arising from contracts subject to its laws and involving local residents

12

is strong here.  See First Franklin Fin. Corp. v. Mortgage Acad., No. 06-4343, 2006 WL 3734624, at *2 (N.D. Cal. Dec. 18, 2006) (noting that because (1) California resident was party to contract, and (2) contract provided for application of California law, California had strong interest in providing forum for adjudicating claims arising from contract).

California also has a strong public policy in providing a protective local forum for local franchisees.  Jones v. GNC Franchising, Inc., 211 F.3d 495, 499 (9th Cir. 2000) (affirming district court's denial of motion to transfer venue under Section 1404(a), and noting California's strong public policy of providing protective local forum for local franchisees).  It is undisputed that defendants are California franchisees; thus, this factor strongly favors transferring the action to the Southern District of California.  (See Compl.)  See id.

Jury considerations also favor transfer, as jury duty should "not be imposed upon the people of a community which have no relation to the litigation."  Liggett Group Inc. v. R.J. Reynolds Tobacco Co., 102 F.Supp.2d 518, 536 (D.N.J. 2000) (quotation and citations omitted).  As discussed supra, the decisions and conduct underlying plaintiff's claims occurred in southern California; thus, this factor favors transfer.  See id. at 537 (noting that New Jersey jurors should not be burdened with

13

adjudicating a matter concerning decisions or conduct which occurred predominantly outside New Jersey).

Defendants have shown that the Southern District of California is a more convenient forum, and plaintiff has not rebutted that showing.  See Jumara, 55 F.3d at 879; see also Liggett Group Inc., 102 F.Supp.2d at 535 (holding nonmovant must provide "sufficient opposition" to motion to transfer); Ricoh Co., Ltd., 817 F.Supp. at 484-88 (noting that although movant has burden of persuasion, nonmovant must still show why current venue is more convenient).  The Court finds in its discretion that, upon balancing the various factors, the Southern District of California is a more appropriate venue.

**CONCLUSION**

The Court will grant the part of defendants' motion that seeks to transfer this action to the United States District Court for the Southern District of California. The Court will issue an appropriate order and judgment.[5]

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: September 5, 2008

[5] Defendants also move for the imposition of sanctions against plaintiff pursuant to Rule 11. (Dkt. entry no. 23.) Because the Court is granting the part of defendants' motion seeking to transfer the action to the Southern District of California, defendants' motion to impose sanctions pursuant to Rule 11 will be denied without prejudice to move again before the transferee court.